UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

ANGELA UPCHURCH and ROBERT
UPCHURCH,
Plaintiffs,

No. 3:22-cv-00431-CLC-DCP

v.

JADEN WOOD HORN and TENNESSEE
VALLEY AUTHORITY,
Defendants.

## BRIEF IN SUPPORT OF THE DEFENDANTS' JOINT MOTION TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY

Defendant Jaden Wood Horn ("Mr. Horn") and Defendant Tennessee Valley Authority ("TVA") submit this brief in support of their joint motion (Doc. 34) to preclude Plaintiffs from presenting any evidence under Federal Rule of Evidence 702, 703, or 705 from any witness for whom Plaintiffs were required to provide a disclosure under Federal Rule of Civil Procedure 26(a)(2), including any attempts to use treating physician testimony for any purpose which requires an expert disclosure under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

### BACKGROUND

This case arises out of a motor vehicle accident which occurred on December 19, 2021, involving a vehicle driven by Plaintiffs and a TVA-owned vehicle driven by Mr. Horn, an employee of TVA contractor Henkels & McCoy Group, Inc. Plaintiffs filed their Complaint in this Court on December 6, 2022, asserting various negligence claims and seeking damages for: Mrs. Upchurch's past and future medical expenses; past and future pain and mental anguish; past and future inability to enjoy the normal pleasures of life; lost wages; loss of earning capacity; as well as Mr. Upchurch's past and future pain; mental anguish and suffering; loss of consortium; and past

1

and future loss of enjoyment of life. (Doc. 1). On May 4, 2023, the Court entered a Scheduling Order in this case, setting forth deadlines including expert disclosure deadlines pursuant to Fed. R. Civ. P. 26(a)(2). (Doc. 28). The Scheduling Order required Plaintiffs to disclose any experts in accordance with Rule 26(a)(2) by September 22, 2023. *Id*.

Three months have passed since Plaintiffs' expert disclosure deadline, but Plaintiffs have not made any Fed. R. Civ. P. 26(a)(2) disclosures. Plaintiffs' counsel has not communicated with counsel for Defendants on this issue and has not otherwise offered any reason for Plaintiffs' failure to comply with the expert disclosure deadline. In addition, Plaintiffs have not asked the Court for an extension of the deadline either before it expired or in the intervening months following the expiration of the deadline.

**ARGUMENT**

Federal Rule of Civil Procedure 26 imposes specific, mandatory disclosure requirements for expert witnesses. Initially, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). As noted above, Plaintiffs' expert disclosure deadline was September 22, 2023; yet, as of this filing, they have failed to make any expert disclosures. Plaintiffs have not sought leave of court to modify the Scheduling Order to allow them to make untimely expert disclosures, and in the absence of such a motion, they have offered no cause, let alone good cause,[1] for their failure to comply with the Scheduling Order's expert disclosure deadline or to seek this Court's permission for additional time.

Both Defendants will be unfairly prejudiced if Plaintiffs are allowed to make untimely expert disclosures. The Defendants' expert disclosures were due November 21, 2023, and

---

[1] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

discovery closes on March 20, 2024. (Doc. 28). The current discovery deadline, as well as all the remaining deadlines in the Scheduling Order, are untenable if Plaintiffs are allowed to make expert disclosures at this late juncture.

It is well established within the Sixth Circuit that "Rule 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (internal quotation marks omitted); *see also Bessemer & Lake Erie R.R. Co v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010) ("The test for exclusion [under Rule 37(c)] is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."). "[T]he burden is on the potentially sanctioned party to show harmlessness." *United States ex rel. TVA v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016). And "[w]hen the non-moving party fails to show as much . . . exclusion is mandatory." *SPX Corp. v. Bartec USA, LLC*, 574 F.Supp.2d 748, 757 (E.D. Mich. 2008).

Thus, a party who fails to comply with the requirements of Rule 26 "does so at [its] own peril, as Rule 37(c)(1) [ ] bar[s] the use of a witness or information that was not [properly] disclosed." *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 579 (W.D. Tenn. 2009); *see e.g., Haley v. Kundu*, No. 1:11-cv-265, 2013 WL 12030022, at *1 (E.D. Tenn. May 7, 2013) (excluding witnesses and documents for which mandatory Rule 26(a) disclosures were not made); *Johnson v. United Parcel Serv., Inc.*, 236 F.R.D. 376, 377–78 (E.D. Tenn. 2006) (excluding documents for which mandatory Rule 26(a) disclosures were not made); *Doe v. Belmont Univ.*, 367 F.Supp.3d 732, 742 (M.D. Tenn. 2019) (same).

Numerous rulings of this Court and from other courts within the Sixth Circuit support exclusion as a sanction even when a party makes expert disclosures. *See, e.g., Campos v. MTD Products, Inc.*, No. 2:07-CV-00029, 2009 WL 2252257, at *11 (E.D. Tenn. July 24, 2009) (excluding experts disclosed more than four months after the disclosure deadline, a delayed disclosure this Court found to be "markedly untimely"); *United States v. 2.96 Acres of Land*, No. 3:13-cv-00266, 2015 WL 11117195, at *1 (E.D. Tenn. Jan. 26, 2015) (imposing Rule 37(c)(1) sanctions on pro se Defendant because late disclosure "effectively precludes Plaintiff from investigating and conducting discovery related to [ ] witnesses due to short time before trial"); *Adams v. Farbota*, 306 F.R.D. 563, 572–74 (M.D. Tenn. 2015) (excluding expert disclosed after deadline because "[the] court's orders are not recommendations—they are important deadlines designed to facilitate the disclosure of information and the timely disposition of cases"); *Tomazin v. Lincare, Inc.*, No. 3:13-cv-0875, 2015 WL 4545658, at *10–13 (M.D. Tenn. July 27, 2015) (excluding expert disclosed after deadline in case management order when the disclosure was also inadequate under Rule 26(a)(2)); *Hardison v. Lois Wagstrom, MD, P.C.*, No. 3:13-cv-0495, 2014 WL 7139997, at *4 (M.D. Tenn. Dec. 12 2014) (excluding expert for the party's failure to comply with Rule 26(a)(2)'s disclosure requirements and the case management order).

Even if Plaintiffs were to argue that any future untimely disclosures are harmless because their initial disclosures identified several potential witnesses who provide medical treatment (Attach. 1, Pl.'s Initial Disclosures), that argument would fail because the information provided in the Plaintiffs' initial disclosures is insufficient for purposes of Federal Rule of Civil Procedure 26(a)(2).

Although a treating physician generally is not required "to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not retained or specially

employed to provide expert testimony in the case, . . . . Rule 26(a)(2)(C) . . . still requires summary disclosures of the facts and opinions to be offered by such expert witnesses even if they are not required to provide the detailed report under Rule 26(a)(2)(B)." *Reynolds v. Knox Cnty. Gov't*, No. 3:17-CV-79-HSM-DCP, 2018 WL 6523439, at *2 (E.D. Tenn. Dec. 12, 2018) (internal quotation marks omitted); *see also Cincinnati Ins. Co. v. Larry Banks*, No. 4:12-CV-32, 2013 WL 12121331, at *1 (E.D. Tenn. Oct. 24, 2013) ("Under Fed. R. Civ. P. 26(a)(2)(C) even an expert who is not specially retained must provide a limited amount of information at the time of the expert disclosure deadline."). Specifically, the disclosure "must state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and . . . a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Here, Plaintiffs have made no expert disclosures, and their initial disclosures identified only potential witnesses based on the requirements of Rule 26(a)(1)(A)(i), not on the expert requirements imposed by Rule 26(a)(2). For each of the potential[2] expert witnesses identified in their initial disclosures, Plaintiffs provide a bare bones description of the type of testimony to be expected, such as, "Dr. John Douglas Haltom, Jr. has information regarding medical treatment and care he provided to Angela Upchurch as a result of the incident that is the subject of this cause of action, as well as the reasonableness, necessity of his charges for the treatment and care provided." (Attach. 1, Pl.'s Expert Disclosures at 3). This is merely "[a] statement of the topics upon which [these] expert[s are] expected to testify." *Talon Aerisyn, LLC v. Selective Ins. Co. of S.C.*, No. 1-

---

[2] The fact that Plaintiffs have not made expert disclosures, despite missing the deadline by over three months, forces Defendants into the prejudicial position of contemplating all "potential" experts they might attempt to disclose after the fact. Such uncertainty places Defendants at an extreme disadvantage as they try to complete discovery.

18-CV-36-TWP-CHS, 2019 WL 5686915, at *4–5 (E.D. Tenn. Aug. 26, 2019). As this Court has previously explained, "more is required" by Rule 26(a)(2)(C):

> "[A] summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, . . . a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice."

*Id.* at *4–5 (quoting *Devereux v. Knox Cnty., Tenn.*, No. 3:17-CV-197-JRG-HBG, 2018 WL 5928048, at *6 (E.D. Tenn. Nov. 13, 2018)). The fact that some medical records have been provided to TVA does not cure this deficiency. *See Cosby v. Claiborne Cnty. Bd. of Educ.*, No. 3:17-CV-278-RLJ-HBG, 2018 WL 3233336, at *3 (E.D. Tenn. July 2, 2018) ("While Plaintiff argues that both physicians were identified in his responses to interrogatories and Defendants obtained the medical records, the Court finds that such does not satisfy Rule 26(a)(2)(C)."); *see also Reynolds*, 2018 WL 6523439, at *5 ("Simply stating that a treating physician is expected to testify consistent with his or her records does not comply with Rule 26(a)(2)(C).").

Moreover, "a treating physician's testimony remains subject to the requirement set forth in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), that an expert's opinion testimony must 'have a reliable basis in the knowledge and experience of his discipline.'" *Burgess v. Codman & Shurtleff, Inc.*, No. 2:14-CV-00371-JRG, 2016 WL 9175507, at *1 (E.D. Tenn. June 28, 2016) (quoting *Daubert*, 509 U.S. at 592). As a result of Plaintiffs' failure to make any expert disclosures, Plaintiffs' undisclosed potential witnesses also fail the *Daubert* standard before an analysis of the relevant factors can even begin. There is no way to discern whether these witnesses are qualified to testify regarding any proposed opinions because no opinions were provided, nor do the Defendants have any of the experts' relevant qualifications in the form of a CV or a

comparable document. And without providing any facts and data relied upon by these experts, there can be no analysis about whether any proposed expert testimony will assist the trier of fact. Furthermore, Plaintiffs' failure to provide any expert disclosures hampers the Defendants' ability to articulate objections to any potential expert witness's qualifications, their competency to offer an expert opinion, or any objection to their testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, thereby robbing this Court of the factors necessary to perform its role as "gatekeeper" in determining the reliability of expert witness testimony. *See, e.g.*, *E.E.O.C. v. Tepro, Inc.*, 133 F. Supp. 3d 1034, 1040 (E.D. Tenn. 2015) ("Rule 702 imposes an obligation upon district court judges to serve as 'gatekeepers,' who 'ensure that any and all scientific testimony . . . is not only relevant, but reliable.'" (quoting *Daubert*, 509 U.S. at 589)).

Further, given the over three month gap since the expiration of the Plaintiffs' expert disclosure deadline, an oversight they have not yet attempted to remedy, simply resetting deadlines to allow time for the disclosure of experts and the completion of expert discovery should not be entertained. The length of time that has passed since the deadline expires calls into question the Plaintiffs' ability to meet Rule 16's good cause requirement for modifying the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4).

Finally, Plaintiffs should not be allowed to introduce expert testimony which is required to be disclosed under Rule 26(a)(2)(C) under the guise of an undisclosed treating physician. This Court addressed a similar issue in *Seaton v. Black & Decker (U.S.), Inc.*, No. 2:20-CV-124-CLC-CRW, 2021 WL 1395560, at *1 (E.D. Tenn. Apr. 13, 2021). In *Seaton*, the plaintiff was injured by a hedge trimmer and sued to recover, among other things, medical expenses, past and future pain and suffering, and diminished earning capacity. *Id*. at *7–9. The *Seaton* plaintiff moved for a continuance of the expert disclosure deadline on November 13, 2020, three days prior to the

7

Case 3:22-cv-00431-CLC-DCP    Document 35    Filed 01/19/24    Page 7 of 11    PageID #: 107

deadline of November 16, 2020, because plaintiff claimed he needed to take the defendant's Rule 30(b)(6) deposition to decide if an expert was needed. *Id.* at *1. The Court found that plaintiff's reasons for requesting an extension failed to establish good cause to amend the scheduling order and denied the motion. *Id.* Unlike in *Seaton*, Plaintiffs did not seek an extension in advance of the expert deadline, and any motion for an extension of the expert deadline would now be over three months late.

In addition, the *Seaton* Court ruled that a treating physician, in the absence of any sort of expert disclosure, cannot testify as to the reasonableness and necessity of the physician's services and charges, because "such opinions would necessarily be expert opinions under Rule 702 of the Federal Rules of Evidence, and Plaintiff has not made any expert disclosures. . . . [t]hus, Plaintiff cannot recover his past medical expenses, as he fails to present expert testimony as to the reasonableness and the necessity of such expenses." *Seaton*, 2021 WL 1395560, at *8. This Court also barred the *Seaton* plaintiff from presenting evidence of future pain and suffering due to plaintiff's failure to disclose his treating physician as an expert:

> Second, Plaintiff seeks to recover damages for his past and future pain and suffering. (Doc. 1-1 ¶ 11.) "Pain and suffering 'encompasses the physical and mental discomfort caused by an injury' and 'includes the wide array of mental and emotional responses that accompany the pain, characterized as suffering, such as anguish, distress, fear, humiliation, grief, shame, or worry.'" *Adams v. Farbota*, No. 3:13-cv-01449, 2015 WL 2455124, at *2 (M.D. Tenn. May 22, 2015) ("Adams I") (quoting *Huskey v. Rhea Cnty.* At *15). For past pain and suffering, a plaintiff may rely on lay testimony to recover. *See id.* (citing *Williams v. Steward*, No. 02A01-9712-CV-00311, 1998 WL 408795, at *3 (Tenn. Ct. App. July 22, 1998)). To recover for future pain and suffering, however, "proof of that kind is usually required to be in the form of expert testimony." *Williams v. Steward*, No. 02A01-9712-CV-00311, 1998 WL 408795, at *3 (Tenn. Ct. App. July 22, 1998); *see also Adams I*, 2015 WL 2455124, at *2 (citing *Williams*, 1998 WL 408795, at *3) (stating it would "not be reversible error for the court to … preclude the recovery of future pain and suffering in the absence of expert testimony").

*Seaton*, 2021 WL 1395560, at *8. The *Seaton* Court also held that plaintiff's failure to properly disclose his treating physician as an expert precluded the physician from presenting evidence to support a claim for diminished earning capacity. *Id.* at *9.

As in *Seaton*, Plaintiffs should not be allowed to use a treating physician to present evidence which falls within the scope of the disclosure requirements of Rule 26(a)(2)(C). The parties are still engaged in discovery, so it is not yet clear which of the Plaintiffs' damages claims may survive in the absence of expert disclosures. Arguments as to which claims Plaintiffs cannot satisfy are better saved for the summary judgment phase of this proceeding. However, to the extent that the testimony of an expert falling within the scope of Rule 26(a)(2) is required to support a specific damage claim, such testimony should be precluded in the absence of timely, required expert disclosures.

In sum, any experts Plaintiffs attempt to introduce after the deadline, whether under Rule 26(a)(2)(B) or (C), should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1)[3] because any expert disclosures Plaintiffs may make in the future will be untimely, and their failure to comply with the Scheduling Order is neither justified nor harmless. *Accord, e.g.*, *Cosby*, 2018 WL 3233336, at *3 (excluding expert testimony and finding "the fact that Defendants have access to Plaintiff's medical records . . . does not constitute harmlessness under Rule 37(c)(1)," as "[o]therwise, the requirement to provide a disclosure of Rule 26(a)(2)(C) would be eviscerated"). In addition, these deficiencies cause any potential expert witnesses to fall short of the standard set forth in *Daubert* and, therefore, any such witnesses should also be excluded on this basis as well.

---

[3] *See id.* ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.").

## CONCLUSION

For the reasons stated and upon the authorities cited, the Defendants joint motion to preclude Plaintiffs from presenting any evidence under Federal Rule of Evidence 702, 703, or 705 from any witness for whom Plaintiffs were required to provide a disclosure under Federal Rule of Civil Procedure 26(a)(2), including any attempts to use treating physician testimony for any purpose which requires an expert disclosure under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, should be granted.

Respectfully submitted,

| | |
|---|---|
| *s/ Austin C. Evans (with permission)* | *s/ Christopher W. Sanders* |
| F. Laurens Brock, Esq. (BPR #17666) | David D. Ayliffe, (TN BPR 024297) |
| Austin C. Evans, Esq. (BPR #36000) | Associate General Counsel |
| Adams and Reese LLP | John E. Pevy (TN BPR 034390) |
| 1600 West End Avenue, Suite 1400 | Christopher W. Sanders (TN BPR 025671) |
| Nashville, Tennessee 37203 | OFFICE OF THE GENERAL COUNSEL |
| Telephone 615.259.1450 | Tennessee Valley Authority |
| Facsimile 615.259.1470 | 400 West Summit Hill Drive |
| larry.brock@arlaw.com | Knoxville, Tennessee 37902-1401 |
| austin.evans@arlaw.com | Telephone 865.632.7343 |
| | jepevy@tva.gov |
| *Attorneys for Jaden Woods Horn* | cwsanders@tva.gov |
| | |
| | *Attorneys for Tennessee Valley Authority* |

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/ Christopher W. Sanders*
Attorney for Tennessee Valley Authority